[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 168.]

L. J. MINOR CORPORATION, APPELLANT, *v*. BREITENBACH, CLEVELAND TAX
ADMINISTRATOR, APPELLEE.

[Cite as *L. J. Minor Corp. v. Breitenbach*, 1996-Ohio-325.]

*Taxation—Municipal income taxes—Food products company operating a
manufacturing plant in city of Cleveland and a warehouse and shipping
facility in city of Brecksville not required to pay municipal income taxes
to Cleveland on sales resulting from purchase orders received in
Cleveland from customers located outside Cleveland when products that
filled those orders were shipped to the customers from inventory stored in
Brecksville—R.C. 718.02(A), applied.*

(No. 95-1774—Submitted October 8, 1996—December 18, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 67885.

———————————

{¶ 1} From 1984 through 1988, appellant, L. J. Minor Corporation
("Minor"), owned and operated a manufacturing plant in the city of Cleveland and
a warehouse and shipping facility in the city of Brecksville. Minor produced food
products at the Cleveland plant and shipped those products to the Brecksville
warehouse to be stored in inventory pending the receipt of purchase orders from
customers. Purchase orders received at the Cleveland plant were forwarded to the
Brecksville warehouse. Minor employees working at the Brecksville warehouse
then filled the orders from the Brecksville inventory and shipped the orders via
common carrier from Brecksville to Minor's customers.

{¶ 2} For tax years 1984 through 1988, Minor calculated and paid net profit
tax ("income tax") to Cleveland by treating all shipments of goods made from the
Brecksville warehouse as Cleveland sales. For tax years 1984 through 1987, Minor

also paid municipal income tax to the city of Brecksville, treating the same shipments of goods from the Brecksville warehouse as Brecksville sales.

{¶ 3} Minor later sought a tax refund from Cleveland for overpayment of income taxes from 1984 through 1988. Minor did not dispute that taxes were payable to Cleveland for products shipped from Brecksville to customers located in Cleveland. Minor maintained, however, that taxes were not payable to Cleveland for products shipped from Brecksville to customers located outside Cleveland. The Cleveland Tax Administrator denied Minor's request for a tax refund.

{¶ 4} Minor appealed the Tax Administrator's decision to the Cleveland Board of Review, which upheld the decision of the administrator on the theory that the intent of the relevant tax legislation was to attribute sales to the city where "a significant part of the activity comprising the entire sales process occurs[.]" The board concluded that because a "significant portion of activity with respect to the sales of the products" occurred in Cleveland and because the Brecksville warehouse was "little more than a way station, *** sales of Minor's food products shipped from its Cleveland plant/general offices are 'sales made in the City' for purpose of taxation[.]"

{¶ 5} The Common Pleas Court of Cuyahoga County affirmed the board of review. The Court of Appeals for Cuyahoga County in a split decision affirmed the court of common pleas, finding that the board's decision was not unreasonable, arbitrary or unsupported by the evidence.

{¶ 6} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Jones, Day, Reavis & Pogue* and *Roger F. Day*, for appellant.

*Sharon Sobol Jordan,* Cleveland Law Director, and *Debra D. Rosman*, Assistant Law Director, for appellee.

*Paul A. Grau*, Brecksville Director of Law, and *Ross S. Cirincione*, urging reversal for *amicus curiae*, city of Brecksville.

*Vorys, Sater, Seymour & Pease, Raymond D. Anderson, Eric A. Pierce* and *Kevin M. Czerwonka*, urging reversal for *amici curiae*, Borden, Inc. and The Limited, Inc.

_____

**COOK, J.**

**{¶ 7}** The issue before this court is whether Minor was required to pay municipal income taxes to the city of Cleveland on sales resulting from purchase orders received in Cleveland from customers located outside Cleveland when the products that filled those orders were shipped to the customers from inventory stored in Brecksville.

**{¶ 8}** The portion of a company's net profits subject to a particular municipal corporation's income tax is calculated by utilizing an apportionment formula that compares the company's property, payroll, and sales within the boundaries of that municipal corporation to the company's total property, payroll, and sales. R.C. 718.02(A). The resulting ratio is then applied to the taxpayer's total net profits to calculate that portion subject to the municipal corporation's tax.

**{¶ 9}** The "sales" portion of the apportionment formula is defined as "[g]ross receipts of the business or profession from sales made and services performed during the taxable period in such municipal corporation to gross receipts of the business or profession during the same period from sales and services, wherever made or performed." R.C. 718.02(A)(3). R.C. 718.02(B) defines "sales made in a municipal corporation" as:

"(1) All sales of tangible personal property which is delivered within such municipal corporation regardless of where title passes if shipped or delivered from a stock of goods within such municipal corporation;

"(2) All sales of tangible personal property which is delivered within such municipal corporation regardless of where title passes even though transported from a point outside such municipal corporation if the taxpayer is regularly engaged through its own employees in the solicitation or promotion of sales within such municipal corporation and the sales result from such solicitation or promotion;

"(3) All sales of tangible personal property which is shipped from a place within such municipal corporation to purchasers outside such municipal corporation regardless of where title passes if the taxpayer is not, through its own employees, regularly engaged in the solicitation or promotion of sales at the place where delivery is made."

{¶ 10} The court of appeals affirmed the denial of Minor's refund request on the basis that "[t]he emphasis in this legislation is plainly upon the sales aspect of the activity, not upon the physical act of loading the goods upon a truck or train whose final destination is the customer." A plain reading of R.C. 718.02(B) establishes, however, that the place of shipment and the place of delivery determine the municipal corporation to which a sale is attributable for taxing purposes. Under the facts and circumstances of this case, the only situation in which products shipped from Minor's Brecksville warehouse may be attributable to Cleveland is where the products are shipped to customers located in Cleveland. R.C. 718.02(B)(2) and (3).

{¶ 11} The sales at issue here involve only products shipped from Brecksville to customers located outside Cleveland. Under R.C. 718.02(B)(3), such sales are deemed to have been made in Brecksville. Because R.C. 718.02(B)(3) plainly and unambiguously states that sales of products shipped from within a municipal corporation to purchasers outside that municipal corporation are deemed to have occurred at the place of shipment so long as the taxpayer is not, through its own employees, regularly engaged in the solicitation or promotion of sales at the place where delivery is made, taxing authorities and the courts may not

interpret R.C. 718.02(B)(3) as embodying a contrary legislative intent. "An unambiguous statute is to be applied, not interpreted." *Storer Communications, Inc. v. Limbach* (1988), 37 Ohio St.3d 193, 194, 525 N.E.2d 466, 467; *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus.

{¶ 12} The judgment of the court of appeals is reversed, and the Cleveland Tax Administrator is hereby ordered to refund to Minor that portion of net-profit taxes paid by Minor to Cleveland for tax years 1984 through 1988 as the result of sales of products shipped from Brecksville to customers located outside the city of Cleveland.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

———————————