L.J. MINOR CORPORATION, Appellee,

v.

BREITENBACH, Appellant.

[Cite as *L.J. Minor Corp. v. Breitenbach* (1998), 123 Ohio App.3d 84.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73014.

Decided July 27, 1998.

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.*, for appellee.

*Sharon Sobol Jordan*, Director of Law, and *Debra D. Rosman*, Assistant Director of Law, for appellant.

---

SPELLACY, Judge.

Defendant-appellant City of Cleveland Tax Administrator ("city") appeals from the order of the trial court requiring interest to be paid on the refund of a municipal income tax overpayment for tax years 1984 through 1988 to plaintiff-appellee-taxpayer L.J. Minor Corporation ("Minor"). For the reasons adduced below, we affirm.

This court originally affirmed the denial of a refund in *L.J. Minor Corp. v. Breitenbach* (July 13, 1995), Cuyahoga App. No. 67885, unreported, 1995 WL 415175. Thereafter, Minor appealed and the Supreme Court, in *L.J. Minor Corp. v. Breitenbach* (1996), 77 Ohio St.3d 168, 672 N.E.2d 636, reversed our decision, stating the following:

"The judgment of the court of appeals is reversed, and the Cleveland Tax Administrator is hereby ordered to refund to Minor that portion of net-profit taxes paid by Minor to Cleveland for tax years 1984 through 1988 as the result of sales of products shipped from Brecksville to customers located outside the city of Cleveland.

"Judgment reversed." *Id.* at 171, 672 N.E.2d at 638.

In the accompanying order of remand, Chief Justice Moyer stated:

"This cause, here on appeal from the Court of Appeals for Cuyahoga County, was considered in the manner prescribed by law. On consideration thereof, the judgment of the court of appeals is reversed consistent with the opinion rendered herein.

"It is further ordered that the appellant recover from the appellee its costs herein expended; and that a mandate be sent to the Court of Appeals for Cuyahoga County to carry this judgment into execution; and that a copy of this

entry be certified to the Clerk of the Court of Appeals for Cuyahoga County for entry.

"COSTS:

"Docket Fee, $40.00, paid by Jones, Day, Reavis & Pogue."

On remand, this court ordered that the matter be further remanded to the trial court so that the amount owed Minor could be calculated.

On February 3, 1997, Minor requested that the city refund $164,299 in addition to applicable interest. On February 18, 1997, the trial court scheduled a pretrial conference for March 18, 1997, "to determine if refund ordered by Ohio Supreme Court has been paid." At the scheduled date and time, the trial court conducted the pretrial conference and issued an order directing the parties to brief the issues of whether interest is owed on the tax refund and, if so, in what amount. The parties, as directed, subsequently filed their briefs.

On April 16, 1997, Minor filed a motion to show cause in the Supreme Court, seeking an order of civil contempt for the city's alleged failure to comply with the Supreme Court's prior order of December 18, 1996. This motion to show cause was denied without opinion on May 28, 1997. See *L.J. Minor Corp. v. Breitenbach* (1997), 78 Ohio St.3d 1514, 679 N.E.2d 309.

On July 16, 1997, the trial court ordered:

"Defendant City of Cleveland is ordered to pay interest on the overpayment of taxes by Plaintiff pursuant to the unambiguous statute ORC 718.06(D). The interest due is from 10–1–87 the effective date of 718.06. Therefore the court calculates the interest due $127,370.75."

This timely appeal by the city from the July 16, 1997 final order presents two assignments of error.

## I

"The trial court erred in allowing interest on a judgment ordering a refund of municipal income tax because appellee did not request such interest until a month after final judgment was rendered by the Supreme Court."

As agreed by the parties, the controlling statute in this case is R.C. 718.06(D), which provides:

"(D) Interest *shall* be allowed and paid on *any overpayment* by a taxpayer of any municipal income tax obligation from the date of the overpayment until the date of the refund of the overpayment, except that if any overpayment is refunded within ninety days after the final filing date of the annual return or ninety days after the complete return is filed, whichever is later, no interest shall be allowed on the refunded overpayment. For purposes of computing the

payment of interest on overpayments, no amount of tax for any taxable year shall be treated as having been paid before the date on which the tax return for that year was due without regard to any extension of time for filing that return. The interest *shall* be paid at the rate of interest prescribed by section 5703.47 of the Revised Code." (Emphasis added.)

■ Quite clearly, R.C. 718.06(D) does not require, as the city argues, the taxpayer obtaining the refund of a tax overpayment to first request interest as a prerequisite to obtaining interest. The section unambiguously imposes a statutory obligation to pay interest on any overpayment. In the present case, the Supreme Court decided that Minor had overpaid its taxes to the city. By operation of law, the taxpayer is entitled to interest on the overpayment pursuant to R.C. 718.06(D).

The first assignment is overruled.

## II

"That part of the trial court's order allowing interest on a judgment ordering the refund of municipal income tax for periods prior to the date appellee filed its tax returns is contrary to law."

This assignment takes issue with the calculation of amount owed in interest. Appellant argues that the correct interest amount is $123,081 ($4,289.35 less than the trial court's determination).

■ As previously noted, R.C. 718.06(D) requires that interest be applied "from the date of the overpayment until the date of the refund of the overpayment," subject to a ninety-day window of opportunity for the taxing authority to make a refund of an overpayment without incurring interest.[1] Also, "no amount of tax for any taxable year shall be treated as having been paid before the date on which the tax return for that year was due without regard to any extension of time for filing that return." Finally, the interest rate is prescribed in R.C. 5703.47, which states:

"(A) As used in this section, 'federal short-term rate' means the rate of the average market yield on outstanding marketable obligations of the United States with remaining periods to maturity of three years or less, as determined under

---

1. The city refunded the tax overpayment on March 5, 1997. The ninety-day window of opportunity in R.C. 718.06(D), which permits no interest to be paid, does not apply to the facts of this case because the tax overpayment was not refunded "within ninety days after the final filing date of the annual return or ninety days after the complete return is filed, whichever is later."

section 1274 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C.A. 1274, for July of the current year.

"(B) On the fifteenth day of October of each year, the tax commissioner shall determine the federal short-term rate. For purposes of any section of the Revised Code requiring interest to be computed at the rate per annum required by this section, the rate determined by the commissioner under this section, rounded to the nearest whole number per cent, plus three per cent shall be the interest rate per annum used in making the computation for interest that accrues during the following calendar year."

■ The record reflects, and appellant admits, that the municipal returns were due to be filed on April 30 of each year. For purposes of assessing interest, and contrary to the main thrust of appellant's argument, extension periods to file the return are irrelevant to the computation of interest. R.C. 718.06(D). Also, interest for tax years 1984 through 1986, inclusive, would not begin to accrue until the effective date of R.C. 718.06(D), namely, October 1, 1987, since their respective original filing dates all precede the effective date of the statute. The return for tax year 1987 was due to be filed on April 30, 1988, and the return for tax year 1988 was due to be filed on April 30, 1989. Interest for tax years 1987 and 1988, extensions of time notwithstanding pursuant to statute, begins to accrue one day after their original return filing dates, i.e., May 1 of 1988 and 1989, respectively. Interest stopped accruing on March 5, 1997, the date the city refunded the tax overpayment. Since the city has miscalculated the applicable refund periods, it has necessarily miscalculated the applicable short-term interest rates to be applied to those periods. Accordingly, we conclude that the trial court's computation of the interest amount was supported by the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

The second assignment is overruled.

*Judgment affirmed.*

PORTER, P.J., concurs.

KARPINSKI, J., dissents.

KARPINSKI, Judge, dissenting.

I respectfully dissent from the majority opinion regarding the first assignment of error. Because I would affirm the city's first assignment of error, the second would be moot.

First, I would note that the city refunded the principal amount of $164,299 before the pretrial scheduled in the common pleas court. Before the briefs were due in the common pleas court and after the principal amount had been paid, Minor filed a motion in the Supreme Court to show cause why the Cleveland Tax Administrator should not be subject to civil contempt for failure to comply with the Supreme Court's judgment. The Supreme Court denied Minor's motion to show cause without opinion. See *L.J. Minor Corp. v. Breitenbach* (1997), 78 Ohio St.3d 1514, 679 N.E.2d 309. Thus the Supreme Court had an opportunity to consider whether interest automatically attached as a matter of law.

The Supreme Court's earlier disposition of Minor's overpayment claim established the law of the case, settling all possible claims arising out of Minor's overpayment of taxes. The law-of-the-case doctrine precludes litigants from attempting to rely on arguments at retrial which were fully litigated, or could have been fully litigated, in a prior appeal. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 552–553. The rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 18–19, 391 N.E.2d 343, 345. The rule applies upon remand from a reviewing court when a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390.

In the case at bar, the Supreme Court's opinion does not mention interest on the overpayment:

"The judgment of the court of appeals is reversed, and the Cleveland Tax Administrator is hereby ordered to refund to Minor that portion of net-profit taxes paid by Minor to Cleveland for tax years 1984 through 1988 * * *."

By awarding interest to Minor on remand, the trial court exceeded the scope of the Supreme Court's mandate. It is well settled that, absent extraordinary circumstances, a lower court lacks the authority to modify the decision of a higher court. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. See, also, *Dannaher, supra, Hawley, supra.* In *State ex rel. TRW, Inc. v. Jaffe* (1992), 78 Ohio App.3d 411, 604 N.E.2d 1376, a trial judge attempted to hold a hearing on fraud damages even though the mandate from the Supreme Court instructed him to determine only the issue of damages based on a claim for emotional distress. This court held that the trial judge exceeded the scope of the mandate of the Supreme Court.

This principle is also well settled in the federal courts. In *Briggs v. Pennsylvania RR. Co.* (1948), 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403, the jury returned a verdict and awarded damages to the plaintiff, but the district court

then dismissed the complaint for lack of jurisdiction. The court of appeals reversed and directed the district court to enter judgment on the verdict for the plaintiff. The district court did so, but also added interest from the date of the verdict to the date of the judgment, even though the court of appeals said nothing in its mandate about interest. The United States Supreme Court, vacating the district court's award of interest, explained that if there was no provision for interest in the judgment of the higher court, a lower court is without jurisdiction to award interest.

The federal courts have consistently held that the higher court must specifically provide for the calculation of interest in its mandate. For example, in *Reaves v. Ole Man River Towing* (C.A.5, 1985), 761 F.2d 1111, the district court entered judgment and awarded damages. The Fifth Circuit Court of Appeals upheld the finding, but remanded for recalculation of damages, without mentioning interest. On remand, the district court awarded interest only from the date of the postremand judgment. The plaintiff appealed. Citing *Briggs,* the Fifth Circuit stated:[1]

"Long-standing precedent establishes that a district court possesses no authority upon remand to calculate post-judgment interest from a date before its post-remand decision unless the mandate of the court of appeals directs otherwise." *Id.* at 1112. See, also, *Roboserve, Inc. v. Kato Kagaku Co.* (N.D.Ill.1996), 942 F.Supp. 1199, *Bailey v. Chattem, Inc.* (C.A.6, 1988), 838 F.2d 149, *Reeves v. Intern. Tel. & Tel.* (C.A.5, 1983), 705 F.2d 750, 751. Because the Ohio Supreme Court provided the mandate controlling the case at bar, neither the trial court nor this court can modify the award by adding interest.

Although these cases deal with the date of calculation of postjudgment interest, the underlying principle is applicable to the case at bar. The Supreme Court's judgment settled all possible claims arising out of Minor's overpayment of taxes. The judgment did not mention interest, nor did Minor raise the question of interest during the seven years of previous litigation. The common pleas court and the court of appeals, therefore, have no authority to alter the Supreme Court's mandate by awarding interest.

Applying the law-of-the-case doctrine in the case at bar is important to the principle of finality of judgments. By not raising the issue of interest throughout seven years of litigation until after the Supreme Court entered its judgment, Minor slept on its claim. In the interest of promoting certainty in judgments and

---

1. The court of appeals decided, however, that its original mandate was deficient in failing to award the plaintiff interest from the date of the district court's first judgment and modified its mandate accordingly. In the case at bar, the Supreme Court of Ohio had a similar opportunity, but declined to make use of the opportunity.

honoring the separation of superior and inferior courts, I would bar Minor from recovering interest and affirm the first assignment of error.