OAKAR et al., Appellants,

v.

FARMERS INSURANCE OF COLUMBUS, INC., Appellee.

[Cite as *Oakar v. Farmers Ins. Co. of Columbus, Inc.* (1998), 129 Ohio App.3d 277.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73076.

Decided Aug. 6, 1998.

*Schulman, Schulman & Meros* and *Howard A. Schulman,* for appellants.

*Gallagher, Sharp, Fulton & Norman* and *D. John Travis,* for appellee.

---

*Per Curiam.*

Plaintiffs-appellants Carol and Bernard Oakar appeal in this accelerated appeal from the denial of their motion for prejudgment interest on an uninsured motorist claim against defendant-appellee Farmers Insurance of Columbus, Inc. ("Farmers").

This is the second appeal in this matter. The trial court originally denied the Oakars' motion for summary judgment on their underinsured motorist claim and granted summary judgment for Farmers. This court reversed the judgment of the trial court and entered judgment for the Oakars on the underinsured motorist claim in *Oakar v. Farmers Ins. of Columbus, Inc.* (Apr. 28, 1997), Cuyahoga App. No. 70726, unreported, 1997 WL 186782. Farmers did not seek review of this opinion in the Ohio Supreme Court.

On June 13, 1997, one day after the forty-five-day deadline for appeal to the Supreme Court had elapsed, the Oakars filed a motion in the trial court for prejudgment interest pursuant to R.C. 1343.03(A). Farmers thereafter filed a brief in opposition, and the Oakars filed a reply brief. The trial court denied the Oakars' motion for prejudgment interest without opinion in an order journalized August 1, 1997.

The Oakars timely appeal, raising the following sole assignment of error in this accelerated appeal:

"The Trial Court Erred When It Denied Plaintiffs' Motion For Prejudgment Interest Under R.C. Section 1343.03(A)."

This assignment is well taken.

The Oakars argue that the trial court improperly denied their motion for prejudgment interest because it was timely filed and warranted by law under the circumstances of this case. The Oakars argue that prejudgment interest on underinsured motorist claims is governed by R.C. 1343.03(A), rather than by R.C. 1343.03(C) as argued by Farmers.

Very recently, the Ohio Supreme Court resolved a conflict among the districts on this issue and held that such claims are in fact governed by R.C. 1343.03(A), which, unlike R.C. 1343.03(C), does not require proof of a bad-faith failure to

settle. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 341, 695 N.E.2d 1140, 1141–1142.

Prejudgment interest under R.C. 1343.03(A) is to compensate the party for the period of time between accrual of the claim and judgment in the case. *Id.*, citing *Royal Elec. Constr. Inc. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687. The Ohio Supreme Court recognized that the trial court is required to determine the appropriate time when interest commences:

"Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine. Upon reaching that determination, the court should calculate, pursuant to R.C. 1343.03(A), the amount of prejudgment interest due Landis and enter an appropriate order." *Landis v. Grange Mut. Ins. Co.*, *supra*, 82 Ohio St.3d at 342, 695 N.E.2d at 1142.

Farmers also contends that the motion for prejudgment interest in this case was untimely. In support Farmers cites *Cotterman v. Cleveland Elec. Illum. Co.* (1987), 34 Ohio St.3d 48, 517 N.E.2d 536. Unlike the case at bar, in *Cotterman* the motion for prejudgment interest was made under R.C. 1343.03(C). Moreover, the motion was filed following a strikingly different set of events: (1) eighteen months after judgment on a jury verdict in favor of the party in trial court, (2) three months after the denial of a final appeal, and (3) three months after payment of the judgment. The court construed the terms "subsequent to the verdict or decision in the action" in R.C. 1343.03(C) and concluded that this condition was not satisfied by the belated motion because the action had already been terminated by payment before the mention was filed. *Id.* at 50, 517 N.E.2d at 539.

The *Cotterman* court thereafter considered the time limits governing various other posttrial motions and established a rule for future cases that motions for prejudgment interest under R.C. 1343.03(C) must be filed within fourteen days after the entry of judgment. The court specifically stated:

"It therefore seems most reasonable, and we so hold, that a motion for prejudgment interest, pursuant to R.C. 1343.03(C), must, in accordance with the limits of other similar post-trial motions [for new trial under Civ.R. 59(B) or for judgment notwithstanding the verdict under Civ.R. 50(B) ], be made to the trial court following the verdict or decision in the case and in no event later than fourteen days beyond entry of judgment." *Id.* at 50, 517 N.E.2d at 539.

As noted above, however, this case is distinguishable from *Cotterman* precisely because the claim for prejudgment interest arises under R.C. 1343.03(A), rather

than R.C. 1343.03(C). *Cotterman v. Cleveland Elec. Illum. Co., supra,* at syllabus paragraph one. R.C. 1343.03(A) does not contain the phrase "subsequent to the verdict or decision in the action," which construed and applied in *Cotterman. Cotterman* does not apply, by its own terms, when the prejudgment interest award is sought under R.C. 1343.03(A) as in the case at bar. *E.g., In re Estate of Wirebaugh* (Aug. 19, 1991), Wood App. No. WD–90–18, unreported, at 10, 1991 WL 154060.

More important, however, Farmers' argument ignores a significant difference between awarding prejudgment interest (1) after the trial court finds in favor of the party and (2) following the subsequent reversal of the judgment. If a party did not prevail in the trial court, there would be no reason for the party to file a motion for prejudgment interest in the trial court prior to the appeal.

Following reversal on appeal, however, and assuming no further appeal is obtained, the trial court reacquires jurisdiction over the matter to proceed at the point from which the error occurred. In the case at bar, this court reversed summary judgment in favor of Farmers, entered final judgment against Farmers in the amount of $87,500 and costs, and remanded to the trial court for further proceedings.

The clerk of court obtained a certified copy of this court's judgment on May 1, 1997, and filed the mandate in the trial court pursuant to App.R. 27 on May 6, 1997. The clerk of court thereafter added various costs on May 29, 1997, and again on June 10, 1997. The forty-five-day period to file a notice of appeal in the Ohio Supreme Court from this court's judgment elapsed on June 12, 1997.

The following day, June 13, 1997, the Oakars filed their motion for prejudgment interest. Their original complaint had specifically prayed for damages "together with interest at the statutory rate of ten percent (10%) from June 20, 1990," and this claim had not previously been adjudicated. Recently, this court found that a request for interest on a claim for overpaid taxes under an analogous statute was timely made when raised for the first time more than one month after the case was remanded to the trial court following an appeal. *L.J. Minor Corp. v. Breitenbach* (1998), 123 Ohio App.3d 84, 703 N.E.2d 330.

■ The Oakars, however, raised their claim for prejudgment interest at the outset of the litigation. The conclusion that the motion was timely filed, therefore, is particularly warranted in this case. Although a court of appeals may add prejudgment interest when reversing and entering final judgment on amounts due under an insurance policy as in the prior appeal, *Grace v. Westchester Fire Ins. Co.* (1964), 7 Ohio App.2d 156, 164, 36 O.O.2d 301, 305, 219 N.E.2d 227, 231, the Supreme Court in *Landis* concluded that the trial court should

conclude in the first instance when the amounts were due and payable. *Landis v. Grange Mut. Ins. Co., supra*, 82 Ohio St.3d at 342, 695 N.E.2d at 1142–1143.

Accordingly, plaintiffs' sole assignment of error is sustained.

*Judgment reversed
and cause remanded.*

PORTER, P.J., KARPINSKI, and ROCCO, JJ., concur.