OPINION
The plaintiff-appellant, State of Ohio ("the State"), appeals from the November 23, 1999, judgment of the Marion County Court of Common Pleas ordering the defendant-appellee, Rex A. Cumston ("the appellee"), to continue treatment in lieu of conviction pursuant to R.C. 2951.041. For the following reasons, we reverse the judgment of the trial court.
The facts and procedural history of the case are as follows. In March 1998, the appellee was indicted by the Marion County Grand Jury on one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the fifth degree. On June 15, 1998, the appellee filed a motion in the Marion County Court of Common Pleas requesting treatment in lieu of conviction pursuant to R.C.2951.041. A hearing was held on October 26, 1998, to determine the appellee's eligibility for treatment in lieu of conviction. By judgment entry of November 5, 1998, the trial court found the appellee eligible for treatment in lieu of conviction and ordered him to undergo substance abuse treatment not to exceed three years. The trial court also imposed certain other conditions upon the appellee during the period of treatment.
In October 1999, Julie Price of the Marion County Adult Probation Department moved to have the appellee's participation in the treatment in lieu of conviction program revoked on the grounds that he had, on three separate occasions, tested positive for cocaine. The matter was set for hearing on November 22, 1999. At the hearing, the appellee admitted to having had violated the terms of his treatment. Nonetheless, the trial court found the appellee to be eligible for continued treatment in lieu of conviction.[1]
The State now appeals, asserting the following sole assignment of error.
 Assignment of Error Whether a trial court has the discretion to disregard the mandatory language of R.C. 2951.041(F) by failing to enter an adjudication of guilt and continuing a defendant on treatment
 in lieu of conviction, even after the court has found that the defendant has failed to comply with the conditions of his treatment in lieu of conviction.
In its sole assignment of error, the State maintains that the trial court erred in finding that the appellee was eligible for continued treatment in lieu of conviction after he was found to have failed to comply with his conditions of treatment. For the following reasons, we agree.
R.C. 2951.041(F) provides, in pertinent part, as follows:
 If the facility or program reports to the probation officer that the offender has failed treatment, has failed to submit to or follow the prescribed treatment, or has become a discipline problem, if the offender does not satisfactorily complete the period of rehabilitation or the other conditions ordered by the court, or if the offender violates the conditions of the period of rehabilitation, the offender shall be arrested as provided in section 2951.08 of the Revised Code and removed from the facility or program, and the court immediately shall hold a hearing to determine if the offender failed treatment, failed to submit to or follow the prescribed treatment, did not satisfactorily complete the period of rehabilitation or any other condition ordered by the court, or violated any condition of the period of rehabilitation. If the court so determines, it immediately shall enter an adjudication of guilt and shall impose upon the offender a term of imprisonment.
It is well established that statutory interpretation is necessary only when a statute is found to be subject to various interpretations. Cline v. Bureau of Motor Vehicles (1991),61 Ohio St.3d 93, 96. A court does not need to resort to the rules of statutory construction when the statutory language is plain and unambiguous, and conveys a clear and definite meaning. L.J. Minor Corp. v. Breitenbach (1996), 77 Ohio St.3d 168,171. "An unambiguous statute is to be applied, not interpreted." Sears v. Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus. In other words, "courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but * * * must give effect to the words used." Wray v. Wymer (1991),77 Ohio App.3d 122, 132.
In the case herein, we conclude that the language of R.C.2951.041(F) is clear and unambiguous. The statute clearly and unambiguously conveys the legislative intent that the trial court must sentence a defendant who is found to have failed his or her program of treatment in lieu of conviction to a term of imprisonment.[2] Therefore, the trial court erred in finding that the appellee was eligible for continued treatment in lieu of conviction.
Accordingly, the State's assignment of error is sustained.
Having found error prejudicial to the State herein, in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is hereby reversed and remanded for further proceedings in accordance with this opinion.
 ___________________________ HADLEY, P.J.
WALTERS and SHAW, JJ., concur.
[1] The trial court also ordered the appellee to move into his parent's home.
[2] A similar result was reached by the Tenth District Court ofAppeals in State v. Taylor (Mar. 14, 2000), Franklin App. No.99AP-533, unreported. In Taylor, the court held that the language of R.C. 2951.041(F) was not susceptible to interpretation and that a trial court must sentence a defendant who is found to have failed his or her program of treatment in lieu of conviction to a term of imprisonment.