Cotterman, Appellant, *v.* Cleveland Electric Illuminating Co., Appellee.

[Cite as Cotterman *v.* Cleveland Elec. Illum. Co. (1987), 34 Ohio St. 3d 48.]

(No. 86-1679—Decided December 23, 1987.)

*Dworken & Bernstein Co., L.P.A.,*

*Patrick J. Perotti* and *Marvin P. Dworken,* for appellant.

*Squire, Sanders & Dempsey, Richard Gurbst* and *Frank A. DiPiero,* for appellee.

HOLMES, J. The primary issue raised upon appeal is whether, under the facts presented in the case here, appellant's motion for prejudgment interest is barred by the passing of time. Because we are in agreement with the reasoning of the court of appeals and for the reasons expressed herein, we affirm the judgments below.

R.C. 1343.03(C) provides for interest on a judgment as follows:

"Interest on a judgment, decree, or order for the payment of money * * * shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines *at a hearing held subsequent to the verdict or decision in the action* that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." (Emphasis added.)

The narrow question presented under this statute is whether appellant filed his motion for prejudgment interest within the time frame comprehended by the term "subsequent to the verdict or decision in the action." It is appellant's contention that the term expresses no definite time period. Also, appellant points out that a Civ. R. 60 motion for relief from judgment is made "subsequent to" the trial and that in subpart (B) of Civ. R. 60, one year is allowed following trial for the filing of such motion. Thus, it is appellant's view that his filing was timely so long as filed within one year of the final appellate decision, which in the present case, would have been from the time this court overruled appel-lee's motion to certify the record, *i.e.,* February 1, 1984.

As pointed out by the court of appeals, appellant first indicated his desire to receive prejudgment interest approximately eighteen months following the rendering of the trial verdict. This was also three months after appellee's final appeal had been denied and after payment in full of the judgment amount had been made to appellant, with the accrued postjudgment interest. We agree with the rationale of the court of appeals on this issue that the losing party should have a "justifiable expectancy of finality," *i.e.,* a reasonable point in time when he can know that his entire obligation has been discharged. It is our view, therefore, that whatever is comprehended by the term "subsequent to the verdict or decision in the action," it cannot reasonably countenance the filing of the motion at issue when the case had been, for all intents and purposes, completely finished.

Appellant relies strongly upon its analogy to Civ. R. 60(B), motion for relief from judgment. We are not persuaded by the analogy to the Civ. R. 60(B) motion for two reasons. First, the one year provided therein begins to run, not from the date of the last appeal, but from the date on which the "judgment, order or proceeding was entered or taken." Since appellant's motion was made eighteen months after the judgment was rendered, it would have yet been untimely filed. Second, the time limit of one year was provided for the limited situations specified within the rule, which are, in the main, characterized by an excusable inability to properly try the case. As such, it would be conceivable that important factors might not become known until after a judgment or order had been entered. Such circumstances are quite remote from the facts now before us, in which we are confronted

with a mere decision to initiate a motion for prejudgment interest, uncoupled from any *reason* why the motion was not made at an earlier date.

The language of the statute contemplates a post-trial motion for it requires that a favorable verdict must be obtained by an identified prevailing party. As the court of appeals correctly inferred: " * * * Only then could the participants determine 'the party required to pay the money' and 'the party to whom the money is to be paid.' See R.C. 1343.03(C)." Moreover, we find that the term "subsequent to," as utilized in the statute, indicates a scope of time proximate to the rendering of the verdict, for such is the reasonable import of the words used. "Subsequent to," although an imprecise term, is rationally limited by those words that follow. Here, the limiting words are "the verdict or decision in the action * * *." Also, R.C. 1343.03(C) provides a hearing, and not one upon the issues tried but one upon matters which ordinarily would have occurred prior to trial. These matters would then be known and familiar to the parties as well as to the trial court. While there may be considerations which would constrain a party from making a motion for prejudgment interest prior to the rendering of the verdict, there appears to be no reason why the motion could not be made following the verdict. Furthermore, such motion springs from the immediately preceding litigation and is not a new cause of action. Where possible, such related proceedings ought to be reviewed as part of a unitary appeal. Thus, for all of the foregoing reasons, we reject any suggestion that the facts presented in the case *sub judice* could reasonably come within the statutory term "subsequent to the verdict or decision in the action."

Having resolved the issue presented in the instant case, which involved facts suggesting extreme boundaries, we now consider, and by necessity, develop, a more precise rule which would be applicable to future cases. We begin by noting that the words used to provide for the R.C. 1343.03(C) motion for prejudgment interest are similar, both as to the language used as well as the underlying intent, to other post-trial motions provided under the Civil Rules. Civ. R. 59(B) provides that: "A motion for a new trial shall be served not later than fourteen days *after the entry of judgment*." (Emphasis added.) Also, a Civ. R. 50(B) motion for judgment notwithstanding the verdict provides, in pertinent part:

"Whether or not a motion to direct a verdict has been made or overruled and *not later than fourteen days after entry of judgment,* a party may move to have the verdict and any judgment entered therein set aside * * *." (Emphasis added.)

Both of the Civil Rule motions above are for the determination of matters which are ordinarily resolvable after the trial has been completed. In like fashion, R.C. 1343.03(C) provides that such hearing shall be a post-trial hearing. It therefore seems most reasonable, and we so hold, that a motion for prejudgment interest, pursuant to R.C. 1343.03(C), must, in accordance with the limits of other similar post-trial motions above, be made to the trial court following the verdict or decision in the case and in no event later than fourteen days beyond the entry of judgment. This will be the precise rule applicable in later cases.

Finally, we consider whether the Ohio Rules of Civil Procedure are applicable in a post-trial motion for prejudgment interest. On its face, R.C. 1343.03(C) creates a special statutory proceeding, *i.e.,* a post-trial hearing.

Civ. R. 1(C)(7) states only that the Civil Rules shall not apply to special statutory proceedings in which such rules "would by their nature be clearly inapplicable." As mentioned by the court of appeals, the statute does not preclude a general application of the Civil Rules, or the further use of discovery. Furthermore, the R.C. 1343.03(C) proceeding seems to be quite amenable to the discovery process and, hence, the application of the Civil Rules, with the obvious caveat that the trial court should exercise such governance so as to speedily resolve the post-trial discovery. We therefore hold that the Rules of Civil Procedure, as utilized in the general discovery process, are applicable to R.C. 1343.03(C) proceedings. This not only includes the exceptions contained in Civ. R. 26(B), but also, by implication, R.C. 2317.02 and similar statutes which exclude particular confidential communications from the discovery process. See, also, *Peyko* v. *Frederick* (1986), 25 Ohio St. 3d 164, 25 OBR 207, 495 N.E. 2d 918.

The case *sub judice* being fully determinable upon the procedural issue of timeliness alone, we perceive no reason to consider any of appellant's substantive issues. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., LOCHER and WRIGHT, JJ., concur.

H. BROWN, J., concurs in the syllabus and judgment.

SWEENEY and DOUGLAS, JJ., concur in part and dissent in part.

HERBERT R. BROWN, J., concurring. I join in the syllabus law announced by the majority today. My concurrence in judgment is based upon an issue not addressed by the majority. In my view, appellant, on the merits, failed to show the absence of a good faith effort to settle. I would not bar the appellant for delay in filing the motion for prejudgment interest when the time for such filing had not been established prior to today's opinion.

I did have reservations with regard to the discovery afforded to the appellant in support of appellant's prejudgment interest motion. However, a trial court exercises broad discretion with regard to discovery and, *on this record,* I am not persuaded that the additional discovery would have altered the merit determination.

Since six of my brethren have elected to resolve this appeal without addressing (1) the discovery issue (in terms of the specifics of this case) or (2) the substantive requirements to maintain a claim for prejudgment interest under R.C. 1343.03(C), I defer an extended expression of views on those significant issues.

DOUGLAS, J., concurring in part and dissenting in part. While I agree with the language set forth in the syllabus by the majority, I disagree with any holding of this court which acts to prevent appellant from having the opportunity to litigate his motion for prejudgment interest. The effect of today's decision is grossly inequitable and, in essence, punishes a litigant who was acting in good faith, and without any guidance from this court.

SWEENEY, J., concurs in the foregoing opinion.