OPINION
On December 29, 1998, the Court of Common Pleas of Logan County granted Christie L. Martin an award of prejudgment interest, following the settlement of her liability and underinsured motorist claims against Cincinnati Insurance Company. Appellant, Cincinnati Insurance Company, now appeals this decision, claiming that the court erred in awarding Martin prejudgment interest. Appellee, Martin, has filed a cross-appeal from judgment, claiming that although the trial court correctly awarded prejudgment interest, the accrual or "due and payable" date of interest determined by the court was incorrect.
The issue in this case is whether the trial court properly ordered an award of prejudgment interest to Martin, and if it did, whether the accrual date set by the court was correct. We find the award of prejudgment interest on Martin's contract based underinsured motorists claim was proper, but we reverse the trial court's judgment as to the prejudgment interest award on Martin's tort based liability claim. In regard to the award of prejudgment interest on Martin's contract based claim, we find no error in the "due and payable" date set by the court.
On December 17, 1993, Darren Campbell was driving a motor vehicle that rear-ended another car. Christie Martin, a passenger in Campbell's car, suffered serious injuries from the crash. At the time of the accident, Campbell's vehicle was insured under an automobile insurance policy issued to Darren's father, Donald Campbell, by Appellant. The policy provided liability coverage limits of $100,000 per person, and uninsured/underinsured motorist insurance ("UMI") limits of $100,000 per person. As a passenger, Martin was both a claimant against the liability portion of the policy and an insured under the UMI provision in the policy.
On July 24, 1997, Martin filed a complaint for declaratory judgment in the common pleas court, requesting the court recognize her right to recover both liability and UMI coverage under Appellant's policy, and requesting prejudgment interest on any judgment finally rendered against Appellant. Martin proceeded to file a motion for summary judgment on the stacking of coverage issues. Appellant opposed the motion for summary judgment. On January 28, 1998, the trial court granted summary judgment in favor of Martin, finding she was entitled to receive from Appellant liability coverage to the full limit of the policy and that no set-off from that recovery should occur against the coverage provided by the UMI portion of the policy.
With Martin's right to coverage under both the liability and UMI provisions established, the case proceeded on the issue of damages. On May 26, 1998, the parties filed a settlement stipulation, approved by the court, acknowledging that the parties had agreed to a settlement in the case. Appellant agreed to pay Martin $100,000 on behalf of its insured, Darren Campbell, pursuant to his liability coverage, and another $100,000, pursuant to the policy's UMI provisions. The stipulation further provided that Martin's claim for prejudgment interest was still outstanding.
Thereafter, on August 14, 1998, Martin filed a motion for prejudgment interest with a supporting memorandum. Appellant filed a memorandum contra to the motion for prejudgment interest on August 28, 1998. No hearing was requested or held on the matter. On December 12, 1998, the trial court issued its decision, awarding prejudgment interest on both the liability and UMI claims, accruing from January 28, 1998, the date of summary judgment, and continuing until the date of payment.
Appellant attacks the trial court's judgment granting prejudgment interest on four separate bases.
I.
 The trial court erred by awarding "prejudgment interest" absent a judgment, decree, or order, because Ohio Revised Code § 1343.03 authorized awarding of prejudgment interest only upon "judgments, decrees, or orders" and not upon settlements.
In its first assignment of error, Appellant contends that Martin's claim for prejudgment interest must fail because the parties agreed to a settlement of all claims in this case. According to Appellant's reading of the prejudgment interest statute, R.C. 1343.03(C), claims based on tortious conduct, settled by agreement and not by a judgment or decision of the court, cannot form the basis for an interest award.
As a threshold matter, it is important to recognize that since the Ohio Supreme Court's ruling in Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, Martin's claim for prejudgment interest must be separated into two separate and distinct claims, one based on contract and the other on tort. This is in spite of the statutory language of R.C. 1343.03(C), which would appear facially to apply to all civil actions based upon tortious conduct. See Landis, 82 Ohio St.3d at 344-345 (Cook, J., dissenting in part and concurring in part) (arguing that the majority's opinion overlooked a line of recent precedent wherein the tort underpinnings of UMI claims had been, in case after case, elevated over their contractual origin).
Martin's claim for liability coverage, however, is clearly a tort based claim, and controlled by the provisions of R.C.1343.03(C), since her recovery is precipitated by and dependant upon the negligent conduct of Appellant's insured, Darren Campbell. However, the Supreme Court, in Landis,82 Ohio St.3d at 341, now concedes the contractual nature of the relationship between an insurer and an insured, with respect to UMI coverage, and has held that prejudgment interest claims under UMI coverage are contract based claims. While the court acknowledged that there "would be no UMI claim absent tortious conduct," the legal basis for recovery of UMI coverage is on the contract. Id. This distinction is crucial, for our analysis, since an award of prejudgment interest under R.C. 1343.03 requires different treatment depending on the nature of the underlying claim.
R.C. 1343.03 states, in relevant part:
 (A) * * * [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *.
* * *
 (C)(1) * * * [I]nterest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice * * * that the cause of action accrued * * * if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
(Emphasis added.)
R.C. 1343.03(A), which applies to contract based claims, specifically provides for a creditor to recover interest on a claim that has been settled between the parties. Interest is available, however, not necessarily from the date of the settlement, but from the time money becomes due and payable upon the instrument of writing, as determined by the trial court. Landis, 82 Ohio St. 3d at 342.
On the other hand, R.C. 1343.03(C)(1), which applies only to tort based claims, predicates the recovery of interest in a civil action based on tortious conduct on the existence of a "judgment, decree or order for the payment of money * * * and not settled by agreement of the parties." (Emphasis added.)
In this case, the parties settled both the liability and UMI claims by agreement. Recovery of interest on the UMI contract claim, pursuant to R.C. 1343.03(A), is not barred by the fact of a settlement agreement. However, by the plain language of R.C.1343.03(C)(1), the fact of settlement prohibits Martin from recovering interest on her liability tort claim. See Vanderhoof v. General Acc. Ins. Group (1987), 39 Ohio App.3d 91, 92
(construing the words "judgment, decree, or order" in R.C.1343.03(C) to mean only a judgment, decree, or order that is based upon an adjudicated adversarial proceeding). Consequently, Appellant's first assignment of error is sustained to the extent that it applies to the trial court's award of prejudgment interest on the liability claim and overruled to the extent that it applies to the trial court's award of prejudgment interest on the contract claim.
II.
 In the alternative, the trial court erred by awarding prejudgment interest, contrary to the purpose of O.R.C. § 1343.03, when Plaintiff/Appellee had been fully compensated.
We note that Appellant raises the argument, under this assignment of error, that Martin is not the real party in interest in the action for prejudgment interest. According to Appellant, Martin's own insurer, United Ohio Ins. Co. ("United"), paid her damages prior to the start of the instant action and Martin had effectuated an assignment of rights with respect to her claims. Thus, Appellant asserts that any claim for interest belonged to United and not to Martin.
Although Appellant raised this argument in its answer to the complaint for declaratory judgment, Appellant proceeded to enter into a stipulated agreement with Martin settling all liability and UMI claims, thereby waiving this defense. Likewise, since Martin's claim for prejudgment interest is premised on the damages agreed to in the stipulated settlement of the parties, we find Appellant has waived any existing errors in this regard.
R.C. 1343.03(A) states that once a party has established a judgment or settlement on a contract claim, "the creditor is entitled to interest." See, also, Dwyer Elec., Inc. v. Confederated Builders, Inc. (Oct. 29, 1998), Crawford App. No. 3-98-18, unreported. Contrary to the procedure set out in R.C.1343.03(C), no predicate determinations need to be made. The Supreme Court, in Royal Elec. Constr. Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110, 117, affirmed a party's entitlement to interest upon the determination of liability on a contract claim, pursuant to R.C. 1343.03(A). According to the Supreme Court in Royal, the question to be asked by a court considering a motion for prejudgment interest is: "Has the aggrieved party been fully compensated?" Id. at 116. The court went on to find that an aggrieved party should be compensated for the lapse of time between accrual of the claim and judgment (settlement, in this case) in the form of prejudgment interest in order to be fully compensated, or made whole. Id. at 117.
The purpose of a prejudgment interest award, in this context as opposed to the tort context, is not to serve as punishment to the party responsible for the underlying damages, but rather "it acts as compensation and serves ultimately to make the aggrieved party whole." Id; see, also Landis, 82 Ohio St.3d 339, 341 (" * * * [W]hen * * * [parties] litigate, they will be subject to a prejudgment interest award, not as a punishment but as a way to prevent them from using money due and payable to another for their own financial gain.")
Applying this reasoning to the facts of this case, it is clear that in order for Martin to be fully compensated on her contract claim she is entitled to receive prejudgment interest for the lapse of time between accrual of her claim and the time of settlement. Royal, supra; Dwyer, supra. "[W]hile the right to prejudgment interest in a contract claim is a matter of law, the amount awarded is based on the court's factual determination of an accrual date and interest rate." Dwyer, supra. Thus, in order to fully compensate Martin under R.C. 1343.03(A), the trial court had to make a factual determination as to "when interest commences to run, i.e., when the claim becomes `due and payable,' and to determine what legal rate of interest should be applied." (Emphasis sic.) Royal, 73 Ohio St.3d at 115. These are factual decisions within the discretion of the trial court. Dwyer, supra, citing Cincinnati Ins. Co. v. First Natl. Bank (1980), 63 Ohio St.2d 220.
In this case, the trial court decided Appellant should have paid the UMI contract claim upon the court's January 28, 1998 order of summary judgment.
Martin argues in her cross-appeal that:
 [t]he trial court erred in only awarding prejudgment interest from the date of the entry granting summary judgment, not the date when benefits were due and payable which is the date of injury.
The trial court had various options available to it when determining a "due and payable" date, as recognized by the Supreme Court in Landis.
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if * * * [the insurance company] had not denied benefits, or some other time based on when * * * [the carrier] should have paid [the insured] * * * is for the trial court to determine.
Landis, 82 Ohio St.3d at 342.
From the beginning of this case, Appellant reasonably contested its liability on the UMI claim on the theory that pursuant to the express language of the contract, Martin could not "stack" liability and UMI coverages. Ohio law, in regard to stacking multiple coverages from a single insurance policy, has been in a constant state of flux in recent years. At the time of the collision herein and for some time thereafter, there was ample authority that such policy language was valid and enforceable. Thus, it was reasonable for the trial court to determine that until January 28, 1998, Appellant's liability on the UMI claim was not definitively established. Consequently, we find that the trial court had a reasonable basis for its decision to assign January 28, 1998 as the "due and payable" date and that the court did not abuse its discretion. For the foregoing reasons, Appellant's second assignment of error and Martin's only cross-assignment of error are both overruled.
III.
 In the alternative, the trial court erred by awarding prejudgment interest without conducting an evidentiary hearing, and by failing to apply the proper legal and evidentiary standards.
In its third assignment of error, Appellant claims that the trial court erred in failing to hold an evidentiary hearing on the prejudgment interest issue. Specifically, Appellant complains that evidence should have been taken on the issue of the parties' good faith settlement efforts, under R.C. 1343.03(C).
The issue of good faith settlement effort only arises when an award of interest is sought on a tort-based claim. R.C.1343.03(C). In Appellant's first assignment of error, we found that the trial court erred as a matter of law by awarding prejudgment interest on a tort-based claim that was settled by the parties. Thus, Appellant's third assignment of error is rendered moot in this respect.
Insofar as Appellant's assignment of error can be construed to argue the general requirement of an evidentiary hearing for determination of contract based interest claims arising under R.C.1343.03(A), we disagree. The language of R.C. 1343.03(A) does not impose or mandate the requirement of hearing. See, also, Novak v. Lee (1991), 74 Ohio App.3d 623, 631 (finding the trial court's decision to hold a hearing on the issue of interest under R.C.1343.03(C), which specifically contemplates a hearing, to be discretionary). Furthermore, neither of the parties in this case requested a hearing on the interest issue as it related to the UMI contract claim. Nor can it be said that the court was unfamiliar with the facts and issues underlying the request for interest. For these reasons, we find no error in the trial court's failure to hold a hearing prior to its determination of a R.C. 1343.03(A) motion for prejudgment interest. Appellant's third assignment of error is overruled.
IV.
 The trial court erred by considering Plaintiff/Appellee's motion for an award of prejudgment interest when the motion was filed outside the period prescribed by [the] Ohio Supreme Court.
Citing Cotterman v. Cleveland Electric Illuminating Co. (1987), 34 Ohio St.3d 48, Appellant contends that a motion for prejudgment interest must be filed no later than 14 days after entry of judgment. Because Martin filed a motion for prejudgment interest nearly three months after settlement, Appellant claims the trial court erred in entertaining an untimely motion.
In Cotterman, the appellant filed a motion for prejudgment interest, under R.C. 1343.03(C), eighteen months after a jury verdict and three months after a final appeal had been denied and payment of the judgment had been made. In an effort to bring R.C.1343.03(C) in accord with the limits of other similar post-trial motions, the Supreme Court of Ohio held that motions for prejudgment interest under R.C. 1343.03(C) must be filed "following the verdict or decision in the case and in no event later than fourteen days beyond the entry of judgment." (Emphasis added.) Cotterman, 34 Ohio St.3d at 50.
Because we are reviewing the propriety of the trial court's decision to consider a motion for prejudgment interest under R.C.1343.03(A), and not R.C. 1343.03(C), Cotterman is factually distinguishable from this case. Oakar v. Farmer Ins. of Columbus, Inc. (Aug. 6, 1998), Cuyahoga App. No. 73076, unreported (holding Cotterman inapplicable to motions made pursuant to R.C.1343.03(A)). R.C. 1343.03(A) does not require a verdict, decision, or judgment, in order to collect interest under the statute. Consequently, we do not find the fourteen day time period applicable to Appellant's case.
More importantly, although the motion for prejudgment interest was filed two and a half months after settlement in this case, the settlement stipulation recognized that Martin had previously asserted a prejudgment interest claim and that this claim was still outstanding. Thus, Appellant was on notice that prejudgment interest was an unresolved, continuing issue in the case at the time of settlement. We find no prejudice accruing to Appellant as a result of the trial court's decision to consider the motion for interest. Appellant's fourth assignment of error is overruled.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court awarding Martin prejudgment interest on the tort based liability claim. In all other respects, the decision of the trial court is affirmed.
Judgment affirmed in part and reversed in part.
HADLEY and SHAW, JJ., concur.