I respectfully disagree with the majority's interpretation of the Supreme Court of Ohio's holding in Cotterman v. ClevelandElec. Illuminating Co. (1987), 34 Ohio St.3d 48. Therefore, I concur in judgment only.
In Cotterman, the court held that a motion for prejudgment interest in a tort action brought pursuant to R.C. 1343.03(C) can be filed no later than fourteen days after the entry of judgment. The majority of this court in the instant matter determined thatCotterman was not applicable to a motion for prejudgment interest in a contract action brought pursuant to R.C. 1343.03(A).
While I recognize that other courts faced with similar fact patterns have held the same, I believe it is unlikely that the Supreme Court of Ohio in Cotterman intended to create different time tables for prejudgment interest motions. Nor do I believe that the language of Cotterman mandates that its holding and rationale would only apply in the context of a tort claim. Specifically, prejudgment interest in a tort claim was the only issue before the court in Cotterman. Thus, there was no need for the court to go beyond those tort cases brought pursuant to R.C.1343.03(C).
It is true that the court in Cotterman based its decision in part on the fact that the language contained in R.C. 1343.03(C) was "similar, both as to the language used as well as the underlying intent, to other post-trial motions provided under the Civil Rules." Cotterman at 50. As a result, the court determined that a motion brought pursuant to R.C. 1343.03(C) must be made to the trial court within fourteen days of entry of judgment. Id. at paragraph one of the syllabus.
However, another important aspect underlying the decision inCotterman was the concern "that the losing party should have a `justifiable expectancy of finality,' i.e., a reasonable point in time when he can know that his entire obligation has been discharged." Id. at 49. The court noted that the matter to be determined in a motion for prejudgment interest "springs from the immediately preceding litigation and is not a new cause of action." Id. at 50. Accordingly, a majority of the court was of the opinion that, "[w]here possible, such related proceedings ought to be reviewed as part of a unitary appeal." Id. The traditional fourteen day limit made that possible.
In addition to the expressed rationale of the Supreme Court of Ohio in Cotterman, I raise the additional concern that the trial court in the instant matter had no subject matter jurisdiction to address the instant motion for prejudgment interest. Here, there was no unresolved claim which created an interlocutory order of some sort. The only claim raised was that of breach of contract, the original claim. That legal claim included a motion for interest, a remedy. The original pleading stated "[w]herefore, Plainitffs demand judgment against the defendants jointly and severally, in the sum of $15,000.00 plus interest at the rate of 10% per annum plus the costs of this actin [sic]."
However, while the magistrate recommended an award of interest from the date of the cause of action in 1990, the trial court did not adopt that recommendation or otherwise mention interest. In other words, the court simply ignored the requested remedy of interest. Presumptively, it was denied. State ex rel. Cassels v.Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217,223.
That is quite different from Martin v. Cincinnati Ins. Co. (May 14, 1999), Logan App. No. 8-98-31, unreported, relied upon by the majority. There, not only was there a specific request for prejudgment interest, but the settlement stipulation agreed to by the parties included a provision stating that the prayer for prejudgment interest was still outstanding. In other words, there was a reservation of jurisdiction of which both parties were aware and were apparently in agreement. That was not the case in the instant litigation where the issue of interest was resolved with no award.
Similarly in Oakar v. Farmers Ins. of Columbus, Inc. (Aug. 6, 1998), Cuyahoga App. No. 73076, unreported, 1998 WL 456503, ("Oakar II"), the court of appeals specifically found that "[t]he Oakars, * * * raised their claim for prejudgment interest at the outset of the litigation." Oakar II at 3. In addition, the appellate court also found that upon remand from the first appeal, "the trial court reacquire[d] jurisdiction over the matter * * *."[1] Id. at 2.
In analyzing the opinion in Oakar II, the thrust of the insurance company's argument appears to have been that there had been no motion for prejudgment interest filed in the trial court prior to appeal. The appellate court's response was that, unlikeCotterman, Oakar II dealt with a situation in which the party who originally lost at the first trial becomes the winner upon appeal. The court noted that "[i]f a party did not prevail in the trial court, there would be no reason for the party to file a motion for prejudgment interest in the trial court prior to the appeal." Id. It then goes on to state: "[f]ollowing reversal on appeal, however, and assuming no further appeal is obtained, the trial court reacquires jurisdiction over the matter to proceed at the point from which the error occurred." Id.
Although the record is not entirely clear, it appears that inOakar v. Farmers Ins. of Columbus, Inc. (Apr. 17, 1997), Cuyahoga App. No. 70726, unreported, 1997 WL 186782, ("Oakar I"), the remand to the trial court was simply to enter the reversal of summary judgment in favor of Farmers Insurance and to enter final judgment against Farmers Insurance. To that end, it remanded the matter to the trial court for further proceedings. There, once the time frame expired in which to file a notice of appeal in the Supreme Court of Ohio, the Oakars filed a motion for prejudgment interest which was denied by the trial court and then became the subject of the second appeal.
I agree with the portion of the Oakar II decision which states that when there is a reversal of positions due to the appellate process, a motion for prejudgment interest would be appropriate upon remand. However, for all of the reasons previously given, I strongly disagree that such a motion could be made beyond the fourteen-day period following remand. The Oakar II court only addressed the jurisdictional issue with respect to the general ability of the trial court to consider the same upon remand. It did not analyze the time frame available upon remand.
In the instant matter, a final appealable order existed with a corresponding loss of jurisdiction. It is, therefore, my contention in the instant matter that the trial court was without subject matter jurisdiction to address the issue of interest, prejudgment or otherwise, once the fourteen days had passed.[2] There was no outstanding legal claim remaining over which the trial court could exercise its jurisdiction. That was not true in Martin and only partially true in Oakar.
In summary, I agree that the provisions at issue, R.C.1343.03(A) and (C), have a substantive difference. One references tort claims, and one references contract claims. However, that difference should not affect the fact that both provisions address the remedy of prejudgment interest. As a result, the two provisions should be read in pari materi as much as is possible. Language differences should be harmonized where possible and should not preclude consideration of the common need for predictability, finality in judgment, the concerns of judicial economy, and most importantly, jurisdiction to address the issue.
Further, as was pointed out in Cotterman, it is important to avoid the situation where two appeals could result if a party were allowed to bring a delayed motion for prejudgment interest, to wit: one for the substantive aspects of the case and one for the decision to grant or deny prejudgment interest.
In Cotterman, the Supreme Court of Ohio created a bright line in order to resolve the above concerns. I believe that same bright line ought to be extended to prejudgment interest claims in contract disputes instead of the reasonableness standard which the majority of this court has adopted.
For the foregoing reasons, I respectfully concur in judgment only with the finding of the majority.
[1] The plaintiffs in Oakar originally lost in the trial court on summary judgment. However, the appellate court reversed the granting of summary judgment in favor of the defendant and entered judgment for the Oakars. It was during the remand from the first appeal that the Oakars renewed their motion for prejudgment interest one day after the forty-five day deadline for appeal to the Supreme Court of Ohio had elapsed in the remand to the trial court.
[2] The questionable use of a nunc pro tunc judgment entry is not part of this appeal. Hence, I will ignore its use except to say that it is highly questionable under these circumstances.