**OHIO EDISON COMPANY, Appellee,**

v.

**WELSH, Appellant.**

[Cite as *Ohio Edison Co. v. Welsh* (2001), 144 Ohio App.3d 499.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20281.

Decided June 27, 2001.

*Thomas E. Lammert,* for appellee.

*Louis R. Moliterno,* for appellant.

CARR, Judge.

Frank W. Welsh, Jr. ("Welsh") has appealed from the judgment of the Cuyahoga Falls Municipal Court, which granted prejudgment interest to Ohio Edison Company. This court reverses.

Because appellee, Ohio Edison Company ("Ohio Edison"), failed to file a brief with this court, we will accept Welsh's statement of facts as correct. App.R. 18(C). Ohio Edison filed suit against Welsh for damage Welsh caused to a utility pole owned by Ohio Edison. The matter went to trial, and a jury found in favor of Ohio Edison. Subsequently, the trial court journalized the verdict, and *sua sponte* ordered prejudgment interest to be paid from the date the damage occurred.

Welsh has timely appealed, and has asserted one assignment of error:

"The trial court erred to the prejudice of defendant in an award of prejudgment interest absent * * * a petition for such relief as required by [R.C.] 1343.03(C); a hearing on the issue as required by [R.C.] 1343.03(C); and a determination that defendant/appellant failed to make a good faith effort to settle where the jury's verdict was only $43.64 higher than defendant's offer of settlement."

█ In his sole assignment of error, Welsh asserts that the trial court erred in *sua sponte* granting prejudgment interest. Specifically, Welsh asserts that because Ohio Edison never filed a motion for prejudgment interest, and the lower court did not hold a hearing on the issue, the prejudgment interest award must be reversed. This court agrees.

█ A trial court's grant of prejudgment interest will be upheld absent an abuse of discretion. *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 202–203, 495 N.E.2d 572, 573–574.

The only statutory authority to impose prejudgment interest is found in R.C. 1343.03(C).[1] The statute permits an injured party, in certain circumstances, to recover interest in a tort action from the date the cause of action accrues. "[T]he purpose of R.C. 1343.03(C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy." *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 167, 25 OBR 207, 209, 495 N.E.2d 918, 921.

An "R.C. 1343.03(C) *motion* for prejudgment interest *must be made* to the trial court *following the verdict or decision in the case* and in no event later than fourteen days beyond the entry of judgment." (Emphasis added.) *Cotterman v.*

---

1. R.C. 1343.03(C) provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

*Cleveland Elec. Illuminating Co.* (1987), 34 Ohio St.3d 48, 517 N.E.2d 536, paragraph one of the syllabus. The statute places an evidentiary burden upon the party seeking the award. R.C. 1343.03(C). See, also, *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 25, 734 N.E.2d 782, 793. Moreover, the statute "requires that the trial court determine the issue of prejudgment interest 'at a hearing held subsequent to the verdict or decision in the action.'" *Galmish, supra,* quoting *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347–348.

In the instant case, Ohio Edison did not make a motion for prejudgment interest following the verdict, and a hearing was never held. Accordingly, this court finds that the lower court abused its discretion in awarding prejudgment interest pursuant to R.C. 1343.03(C). See *Boes v. Boes* (June 17, 1998), Seneca App. No. 13–98–10, unreported, 1998 WL 317599 (reversing a trial court's grant of prejudgment interest on the basis that the award was made *sua sponte,* and that the record did not support a finding that a good faith effort to settle was not made).

Welsh's sole assignment of error is sustained. The prejudgment interest award is vacated.

*Judgment reversed.*

BATCHELDER, P.J., and SLABY, J., concur.