OPINION
{¶ 1} Plaintiffs-appellants/cross-appellees Barbara and George Bennett (hereinafter collectively "plaintiffs") appeal from the judgment of the Franklin County Court of Common Pleas denying an award of prejudgment interest and failing to properly tax costs. Additionally, defendant-appellee/cross-appellant Estate of Mary M. Hollabaugh (hereinafter "defendant") appeals from the magistrate's decision recommending an award of prejudgment interest. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On August 31, 1998, plaintiffs filed a complaint for damages for personal injuries arising from a motor vehicle accident on August 8, 1998. On February 20, 2001, a jury returned a verdict in favor of plaintiffs in the amount of $43,500. On February 21, 2001, the trial court filed a judgment entry journalizing the jury's verdict (hereinafter "judgment entry"). The Franklin County Clerk of Court, pursuant to Civ.R. 58(A), served notice of the judgment entry upon the parties' respective counsel on February 26, 2001.
 {¶ 3} On February 21, 2001, plaintiffs issued a subpoena to State Farm Insurance Company seeking the complete claims file relative to this action. Due to an alleged defect in the subpoena, plaintiffs reissued it on March 7, 2001. The claims file was not provided. As such, on April 10, 2001, plaintiffs filed a motion to show cause as to why defendant should not be held in contempt of court for failing to comply with subpoenas issued by plaintiffs. In their motion to show cause, plaintiffs sought payment of costs, including reasonable attorney fees necessary to obtain compliance with the subpoenas.
 {¶ 4} On April 26, 2001, plaintiffs filed a motion for, inter alia, prejudgment interest and payment of court costs. Plaintiffs sought prejudgment interest based upon defendant's lack of good faith attempt to settle this dispute.
 {¶ 5} On May 30, 2001, pursuant to Civ.R. 53 and Loc.R. 99.02, the trial court referred both motions to a magistrate for determination.
 {¶ 6} On June 13, 2001, the magistrate held a hearing on both of plaintiffs' motions. The magistrate issued his decision on July 9, 2001. The relevant recommendations to the trial court follow. Prejudgment interest was awarded due to defendant's lack of good faith in settling this matter. Moreover, the magistrate concluded the show cause motion was moot as the claims file was not necessary as the lack of good faith was evidenced from the record. Further, $265 for transcript preparation, $366.50 and $272.31 for videographer fees were to be taxed as costs to be paid by defendant. Also, defendant was to bear any additional costs due to post-trial proceedings. Finally, the attorney fees for either side were not warranted.
 {¶ 7} Plaintiffs and defendant filed objections to the magistrate's decision. On September 2, 2002, the trial court issued its decision (hereinafter "trial court decision"). Specifically, the trial court concluded there were no errors in the magistrate's findings of fact and, thus, adopted them. However, with respect to the magistrate's recommendation as to prejudgment interest, the trial court held plaintiffs' motion for prejudgment interest was not timely filed. As such, the trial court concluded it did not have authority to consider the motion. Thus, the trial court modified the magistrate's decision and overruled plaintiffs' motion for prejudgment interest. Finally, the trial court adopted the magistrate's recommendations with respect to attorney fees and costs.
 {¶ 8} Plaintiffs and defendant timely appealed.
 {¶ 9} Plaintiffs raise the following assignments of error:
 {¶ 10} "1. The trial court erred by denying prejudgment interest.
 {¶ 11} "2. The trial court erred by failing to properly tax costs."
 {¶ 12} Defendant raises the following cross-assignment of error:
 {¶ 13} "The magistrate's decision granting prejudgment interest should be overruled because the required hearing on the motion for prejudgment interest did not take place."
 {¶ 14} In their first assignment of error, plaintiffs argue prejudgment interest was appropriate, notwithstanding the failure to file the motion within 14 days of the judgment entry on the jury verdict, as they requested prejudgment interest from the onset of the litigation and plaintiffs did not learn of the filing of the judgment entry until after the 14-day time period lapsed.
 {¶ 15} R.C. 1343.03(C) provides for interest on a judgment as follows:
 {¶ 16} "Interest on a judgment * * * for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
 {¶ 17} "[A] motion for prejudgment interest, pursuant to R.C.1343.03(C), must, in accordance with the limits of other similar post-trial motions * * * be made to the trial court following the verdict or decision in the case and in no event later than fourteen days beyond the entry of judgment." Cotterman v. Cleveland Electric Illuminating Co. (1987), 34 Ohio St.3d 48, 50. "The filing of a timely motion is jurisdictional." Transcontinental Management Group, Ltd. v. Reliance Union Indemnity Co., Ltd. (Oct. 13, 1992), Franklin App. No. 92AP-186. As such, the trial court's jurisdiction is not invoked if a party fails to file a motion for prejudgment interest within the 14-day time period.
 {¶ 18} Plaintiffs filed their motion for prejudgment interest on April 26, 2001. Thus, they failed to file their motion for prejudgment interest within 14 days of the judgment entry. As the trial court's jurisdiction may not be invoked unless the motion is timely filed, plaintiffs' untimely motion may not be considered by the trial court. Accordingly, we find plaintiffs are not entitled to prejudgment interest.
 {¶ 19} Furthermore, the allegation by plaintiffs they did not receive the judgment entry does not alter this conclusion. Civ.R. 58(B), pertaining to the notice of the filing of judgment entries, states, in relevant part, "[t]he failure of the clerk to serve notice does not affect the validity of the judgment." As such, regardless of plaintiffs' contention they did not receive the judgment entry, the 14-day time period is not effected. The time began to run from the date the judgment entry was filed, not from when the parties received, or in this instance, learned of the judgment entry. Moreover, a review of the court file reveals the clerk of court's February 26, 2001 notice was not returned to the court as undeliverable. Additionally, plaintiffs were aware of the jury verdict and their claim for prejudgment interest. As such, their claim that they did not receive notice of the judgment entry is without merit.
 {¶ 20} Similarly, plaintiffs' contention the untimely nature of the motion for prejudgment interest is excused because defendant inappropriately obstructed plaintiffs' efforts to obtain discovery is without merit. While the discovery process may be utilized in a motion for prejudgment interest, discovery does not have to be complete prior to the filing of the motion. Instead, discovery may be sought after the filing of the motion. See Cotterman at 51.
 {¶ 21} Accordingly, plaintiffs' first assignment of error is hereby overruled.
 {¶ 22} In their second assignment of error, plaintiffs argue the trial court failed to properly tax costs. Plaintiffs detail the costs they contend are due and outstanding in Exhibit A-17, attached to their brief.
 {¶ 23} First, the issue of what costs[1] are before us must be determined. The magistrate's decision recommended an award of costs for plaintiffs against defendant for transcript preparation, videographer fees and any additional costs due to post-trial proceedings. There was no specific mention in the magistrate's decision of plaintiffs' expenses related to the subpoenas. In plaintiffs' sole objection to the magistrate's decision, they maintained the magistrate's denial of attorney fees and expenses associated with the subpoenas was erroneous. Moreover, defendant objected, inter alia, to the magistrate's recommendation that unspecified, additional post-trial costs should be borne by defendant. The trial court held "[t]he magistrate's decision is modified to overrule [p]laintiffs' motion for prejudgment interest, is adopted in all other respects." (Trial court decision at 5.)
 {¶ 24} Therefore, contrary to defendant's assertion, the trial court adopted the magistrate's recommendation regarding an award for plaintiffs against defendant for any additional costs due to post-trial proceedings. Moreover, as "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court," State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus, citing State v. Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus, the only issue plaintiffs preserved on appeal was set forth in their objection to the trial court. Thus, the only costs before us are the expenses associated with the subpoenas and any other appellate issues relating to costs are waived.
 {¶ 25} Accordingly, we determine the magistrate's recommendation, and the trial court's subsequent adoption, with respect to any additional costs due to post-trial proceedings includes the expenses plaintiffs incurred related to the subpoenas. As such, consistent with the decision of the trial court, the February 2001 subpoena cost set forth in Exhibit A-17 shall be borne by defendant.
 {¶ 26} The second issue plaintiffs present is whether the trial court erred in denying their request for attorney fees. The decision regarding a request for attorney fees is vested in the sound discretion of the trial court and will not be overturned absent a showing of an abuse of discretion. Calobrisi v. Calobrisi, Allen App. No. 1-02-56, 2002-Ohio-6147, ¶ 19, citing Wyatt v. Trimble Tp. Waste Water Treatment Dist. (Nov. 3, 1992), Athens App. No. 1521. An abuse of discretion implies that the trial court acted in an unreasonable, arbitrary or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 27} We note defendant inaccurately interpret the trial court's rationale for denying attorney fees. Defendant asserts the trial court "indicated that the arguments of [plaintiffs] presented for attorney fees related to the motion for prejudgment interest, a motion that was not timely filed." (Defendant's reply brief at 13.) However, the trial court's analysis with respect to attorney fees was contained in the following statements. "The court finds no errors of law or other defect on the face of the magistrate's decision as it related to [p]laintiffs' motion for attorney fees. Attorney fees are denied." (Trial court decision at 5.) Thus, the trial court made no assertion attorney fees were denied because the motion for prejudgment interest was untimely.
 {¶ 28} Upon consideration, we conclude the trial court did not abuse its discretion in denying an award of attorney fees to plaintiffs. While defendant's actions with respect to plaintiffs' subpoena request constitute inappropriate gamesmanship, we cannot conclude, based upon the record before us, the trial court's determination plaintiffs should bear the cost of prosecuting the motion to show cause was unreasonable, arbitrary or unconscionable.
 {¶ 29} Accordingly, plaintiffs' second assignment of error is hereby overruled.
 {¶ 30} In its sole cross-assignment of error, defendant contends the magistrate erred in recommending an award of prejudgment interest when a hearing on the motion for prejudgment interest had not taken place.
 {¶ 31} A magistrate's decision is an interlocutory order, not a final appealable order. Bond v. Bond (Dec. 15, 1998), Franklin App. No. 98AP-356. Therefore, we lack jurisdiction to consider the merits of defendant's cross-assignment of error. Accordingly, defendant's cross-assignment of error is hereby deemed moot.
 {¶ 32} Accordingly, plaintiffs' first and second assignments of error are overruled and defendant's cross-assignment of error is hereby deemed moot for lack of jurisdiction, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.
[1] While plaintiffs categorize attorney fees as costs in the second assignment of error, it will be discussed separately from the analysis pertaining to what costs were awarded by the trial court.