OPINION
{¶ 1} Appellant, Charles Williams, appeals from the Portage County Court of Common Pleas judgment entry overruling his motion for prejudgment interest.
 {¶ 2} On the morning of October 8, 1998, appellant was working for R R Sanitation, collecting recyclables along the roadside. While traveling south on Porter Road in Atwater Township, he stopped his truck in the northbound lane of traffic. Appellant did this to expedite loading the recyclables located on the north side of the road. Appellant believed that parking his truck in such a fashion was "okay at that time of morning" because there was no oncoming traffic. Prior to exiting his vehicle, appellant activated his beacon light attached to his truck, but failed to turn on either the marker lights or the four-way hazard lights.
 {¶ 3} On the same morning, appellee, Mathew Stephenson, was driving to Maplewood Joint Vocational School where he was a student. To get to school, appellee drove north on Porter Road. Apparently, appellee noticed appellant's stationary sanitation vehicle, but it is unclear as to whether he recognized that it was in the northbound lane. As he approached, appellee neither slowed down nor attempted to avoid appellant's truck. As a result, appellee collided with the sanitation vehicle. After the collision, appellee's car swerved off the road and struck appellant. Both parties were transported to Robinson Memorial Hospital.
 {¶ 4} At the hospital, appellee was questioned by Trooper Paul Gerke of the Ohio State Highway Patrol. Appellee indicated that he saw the truck's lights and thought the vehicle was in the other (southbound) lane. However, after noticing the lights, appellee stated that he fell asleep. Although appellee was unable to sign his statement due to a hand injury, his medical records indicate he was alert, awake, and oriented at all times during his hospital stay.
 {¶ 5} The record reflects that appellee provided at least two additional accounts of the accident: One in February, 1999 to his insurance adjuster and one during his January, 2000 deposition. In the former, appellee indicated to his adjustor that he did not remember what happened in the accident and did not recall speaking with Trooper Gerke in the hospital. During this discussion, appellee hypothesized that a roving speaker in his vehicle struck his head rendering him unconscious. Alternatively, in his deposition, appellee testified that he saw the headlights of the garbage truck and knew the truck was in his own lane as early as two minutes before impact, but when he hit the brakes he was knocked unconscious by a speaker.
 {¶ 6} On April 23, 1999, appellee filed suit against appellant alleging he sustained injury as a result of appellant's action of negligently operating a motor vehicle, or in the alternative, negligently parking a motor vehicle in the roadway, thereby causing a collision with his motor vehicle. On June 22, 1999, appellant counterclaimed, denying appellee's claims and additionally alleged that he suffered injury from appellee's action of negligently operating a motor vehicle and colliding into him while a pedestrian. Deborah Williams, appellant's wife, also alleged claims for loss of spousal consortium.
 {¶ 7} A jury trial commenced on December 11, 2002. The jury found that both parties were negligent under the law. However, the jury returned a general verdict in favor of appellant and his wife. The jury found appellee 100% at fault and awarded compensatory damages totaling $166,000 to Mr. and Mrs. Williams.
 {¶ 8} On January 2, 2002, appellants filed a motion for prejudgment interest, alleging appellee, through his insurance carrier Allstate, failed to make a good faith effort to settle the case. A hearing was held on the motion in front of the Magistrate. At the hearing, Allstate Insurance Company adjuster Carla Cornecelli, testified to her belief that appellant was entirely at fault for the accident in question. Her position was grounded upon the facts that appellant's truck was improperly parked on the road, appellant left his vehicle with the motor running, and appellant did not have overhead lights on the front of the truck. Moreover, Ms. Cornecelli communicated her belief that appellee's statement in his deposition was more reliable than the statement made to Trooper Gerke. Ms. Cornecelli based her belief on the fact that appellee made the statement to the trooper immediately following a serious accident of which he had no ostensible recollection and appellee was under oath when he was deposed.
 {¶ 9} On February 27, 2002, the magistrate issued a decision and journal entry granting appellant's motion. Appellee filed an objection to the magistrate's decision. On April 3, 2002, the trial court issued a journal entry reversing the magistrate's decision. Appellant filed a timely notice of appeal to this court on May 2, 2002 and raises the following assignment of error:
 {¶ 10} "The trial court abused its discretion when it reversed the magistrate and overruled appellant's motion for prejudgment interest pursuant to R.C. 1343.03(C)."
 {¶ 11} A trial court's decision regarding the award of prejudgment interest is within its sound discretion. Schafer v. RMS Realty (2000),138 Ohio App.3d 244, 306; Huffman v. Hair Surgeon, Inc., (1985),19 Ohio St.3d 83, 87. Under this standard, a reviewing court does not re-weigh the evidence presented at trial or substitute its own judgment for that of the trial court's. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Rather, absent an arbitrary, unreasonable, or unconscionable ruling, an appellate court is bound to affirm the decision of the trial court. Id.
 {¶ 12} The party seeking prejudgment interest bears the burden of showing that the opposing party failed to make a good faith effort to settle the case. Moskovitz v. Mt. Sinai Ctr. (1994) 69 Ohio St.3d 638,659. A judgment awarding or denying a party's motion for prejudgment interest will not be reversed absent an affirmative showing that some competent, credible evidence does not support the underlying decision.Fultz v. St. Clair (Dec. 20, 2002), 11th Dist. No. 2001-L-165, 2002 Ohio App. LEXIS 6975 at ¶ 137, citing Borucki v. Skiffey (Sept. 14, 2001), 11th Dist. Nos. 2000-T-0029, and 2000-T-0057, 2001 Ohio App. LEXIS 429, at 9.
 {¶ 13} R.C. 1343.03(C) governs prejudgment interest in tort actions, and provides:
 {¶ 14} "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
 {¶ 15} R.C. 1343.03 sets forth certain requirements that must be met in order for a party to recover prejudgment interest. First, a party seeking interest must petition the court. The motion must be filed after judgment and in no event later than fourteen days after entry of judgment. Cotterman v. Cleveland Elec. Illum. Co., (1987),34 Ohio St.3d 48, paragraph one of the syllabus. Second, the trial court must hold a hearing on the motion. Third, to award prejudgment interest, the court must find that the party required to pay the judgment failed to make a good faith effort to settle; and fourth, the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Moskovitz v. Mt. Sinai Med. Ctr.
(1994), 69 Ohio St.3d 638, 658.
 {¶ 16} The main issue in the case at bar involves the third step in the process to recover prejudgment interest; namely, whether appellee made a good faith effort to settle. Accordingly:
 {¶ 17} "[a] party will be deemed to have made a good faith effort to settle if the party (1) fully cooperated in discovery, (2) rationally evaluated his or her risks and potential liability, (3) did not attempt to unnecessarily delay the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party." See Borucki, supra, at 11; see, also, Kalain v. Smith
(1986), 25 Ohio St.3d 157, syllabus. The party seeking prejudgment interest has the burden of showing that the nonmoving party did not make a good faith effort to settle the case. Fultz, supra, at ¶ 137;Brucken v. Gambill (Mar. 22, 2002), 11th Dist. No 2001-L-036, 2002 Ohio App. LEXIS 1343, at 3.
 {¶ 18} It is worth noting that a party may have failed to make a good faith settlement effort even though he has not acted in bad faith.Kalain, supra, at 159. However, to show a lack of good faith under R.C.1343.03(C), a party must demonstrate more than bad judgment or negligence. Rather, a lack of good faith imports a dishonest purpose, conscious wrongdoing, or breach of a known duty based on some ulterior motive or ill will in the nature of fraud. Detelich v. Gecik (1993),90 Ohio App.3d 793, 796, citing Ware v. Richey (1983), 14 Ohio App.3d 3.
 {¶ 19} To determine whether a party made a good faith effort:
 {¶ 20} "the trial court is not limited to the evidence presented at the prejudgment interest hearing. The court also may review the evidence presented at trial, as well as its prior rulings and jury instructions, especially when considering such factors as the type of case, the injuries involved, applicable law, and the available defenses. * * * The evidence does not have to be construed most favorably for the party opposing the motion." (Citations omitted.) Fultz, supra, at 32;Borucki, supra, at 4.
 {¶ 21} With these guiding principles in mind, we turn to the instant case. Appellant principally argues that the trial court abused its discretion in overruling his motion for prejudgment interest because appellee did not make a good faith effort to settle the case. Appellant seizes on the second element of the four-prong Kalain good faith test, viz., appellant argues that appellee failed to rationally evaluate his risks and potential liability. Appellant maintains that if the evidence is considered in its totality, Allstate failed to make a good faith effort to settle the case. Therefore, appellant asserts that Allstate's adjustor acted unreasonably and irrationally by failing to make an offer to settle.
 {¶ 22} The Supreme Court of Ohio has stated "[i]f a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." Kalain, supra, at syllabus. In order to thoroughly evaluate whether appellee acted in good faith, it is necessary to retrench the analysis and examine allegations set forth in the original complaint and counterclaim. Appellee originally filed a negligence complaint against appellant. Appellant denied the accusations in the complaint and filed his own counterclaim alleging negligence on the part of appellee.
 {¶ 23} "To establish actionable negligence it is fundamental that one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such a duty, and an injury resulting proximately therefrom."Sines Sons, Inc. v. Shell Oil Co. (Sept. 18, 1998), 11th Dist. No. 96-G-2042, 1998 Ohio App. Lexis 4372, at 9, citing Thrash v. U-Drive-It, Co., (1953), 158 Ohio St. 465, paragraph one of the syllabus. Proximate cause is a "natural and continuous sequence that contributes to produce the result, and without which the result could not have happened." Rynev. Garvey (1993), 87 Ohio App.3d 145, 152.
 {¶ 24} The issue of proximate cause was indubitably pivotal to the outcome of the instant case. Insofar as both parties to the lawsuit were ostensibly negligent, the jury's determination as to which party proximately caused the harm was instrumental in assessing liability. Thus, before the jury's verdict was announced, the question of proximate cause was a legitimate subject of debate between both parties to the suit. As such, the causal link between the accident in question and appellant's injuries was not so obvious as to render appellee's insurance adjustor's decision not to settle unreasonable.
 {¶ 25} The "rational evaluation" prong of the Kalain test requires appellant to demonstrate that appellee did not rationally evaluate his risks and potential liability. Logically, a rational decision is one supported by reason. In the current matter, appellee had a rational basis for not settling; namely, he legitimately disputed his legal culpability as to appellant's injuries. To offer a settlement would be, at some fundamental level, admitting one's partial or full responsibility as to the harm caused. Because appellee had a reasonable, legal justification for disputing his liability, his decision not to offer to settle was rational. As such, appellee's legitimate dispute as to his liability indicates he rationally considered his risks and potential liability. Therefore, pursuant to Kalain, inter alia, appellee acted in good faith irrespective of his failure to make a settlement offer.
 {¶ 26} Moreover, as indicated above, a lack of good faith imports a dishonest purpose, conscious wrongdoing, or a breach of a known duty based on some ulterior motive or ill will in the nature of fraud.Detelich, supra. However, one may fail to make a good faith settlement effort even though he has not acted in bad faith. Kalain, supra, at 159. In the instant matter, appellant has failed to demonstrate that appellee breached a known duty based upon an ulterior motivation or ill will. As far as this court can discern, appellee's decision not to make a settlement offer was a function of his belief that he was not legally responsible for appellant's injuries. Because appellee's basic legal dispute is supported by the facts of the case, his decision not to settle was imminently reasonable. Therefore, in this respect, appellant has not demonstrated that appellee failed to rationally evaluate his risks and potential liability.
 {¶ 27} Next, appellant argues that appellee could not have rationally evaluated the risks of litigation and his potential liability because there was never any reasonable, objective evidence to suggest his negligence was a proximate cause of the collision. We also disagree with this assessment. First, there is undisputed evidence that appellant was in violation of traffic laws thereby supporting a general inference of negligence. As such, the jury could have found that the natural and continuous sequence of events leading to the accident commenced with appellant parking his truck facing opposing traffic. The fact finder could have further determined that this event not only produced the result, but was also sine qua non for the event's occurrence in its entirety. For instance, if the jury believed appellee's statement that he was rendered unconscious by a flying speaker after he applied his brakes, the jury may have found appellant's negligence the proximate cause of the injuries. As such, appellant's rhetorically heightened characterization of the evidence with respect to the issue of proximate cause is inaccurate. In our view, appellee had an adequate basis on which to dispute appellant's negligence claim. Thus, his failure to make a settlement offer did not lack good faith.
 {¶ 28} In arriving at our decision, we must note that Ohio courts have long recognized the common-law right to prejudgment interest.Moskovitz, supra, at 656-657. It is well established that the underpinning of prejudgment interest awards is to encourage prompt settlement of claims, prevent prolonged litigation, and to compensate and make the injured party whole. Royal Elec. Constr. Corp. v. Ohio StateUniv. (1995), 73 Ohio St.3d 110, 116-117. Although this policy is fundamentally laudable, it should not be used as a sword against parties who have sound strategic legal bases for trying an issue to a jury or court. In other words, we refuse to endorse compulsory settlement exercises when they serve to abrogate a party's right to defend against a potentially non-meritorious suit. Such a practice serves to penalize parties who have legitimate disputes as to the nature of claims asserted against them. Again, R.C. 1343.03(C) is designed to encourage litigants to make a good faith effort to settle, not to force a settlement where a party has a good faith basis for disputing a claim. See Fultz, supra, at ¶ 133, citing Peyko v. Frederick (1986), 25 Ohio St.3d 164, 167. Consequently, our holding today is completely congruent with the spirit of R.C. 1343.03(C).
 {¶ 29} In sum, because the issue of proximate cause was controvertible throughout the litigation of the current matter, we find that appellee did not lack good faith in failing to make a settlement offer. Thus, appellant's assignment of error is without merit and we accordingly affirm the Portage County Court of Common Pleas' decision not to award appellant prejudgment interest.
Judith A. Christley and Diane V. Grendell, JJ., concur.