JOURNAL ENTRY AND OPINION
{¶ 1} The City of Maple Heights appeals from a common pleas court order removing its lien on property owned by plaintiffs William and Susan Hawkins. The City argues that the court erred by removing its lien even though the Hawkinses' judgment against the City had been fully satisfied, res judicata barred the court's actions, and the Hawkinses failed to join all necessary parties to the removal of the lien. The Hawkinses cross-appeal from the trial court's denial of their motion for prejudgment interest. We find the court lacked jurisdiction to consider the Hawkinses' motion to remove the City's lien, but that the court properly denied their motion for prejudgment interest. Therefore, we vacate in part and affirm in part.
 {¶ 2} The Hawkinses complaint in this case was filed June 8, 2001, and alleged that the City razed their house without providing them with actual or constructive notice. They asserted that this constituted a taking of their property without due process, negligent or intentional destruction of their property, conversion, and trespass. The City answered, denying the Hawkinses' claims and asserting that the complaint failed to state a claim and that the City was immune from liability.
 {¶ 3} The case was referred to binding arbitration on April 12, 2005. The arbitrators filed their report on June 13, 2005 and awarded the Hawkinses $45,000, finding "bad faith on the part of Defendant [the City]." The Hawkinses immediately sought to reduce the award to judgment. The court granted them judgment against *Page 2 
the City for $45,000 plus interest from the date of the judgment, June 17, 2005. The City appealed.
 {¶ 4} On June 27, 2005, the City moved to vacate the arbitration award. It asserted that the arbitrators were biased and exceeded the scope of their authority. The court denied this motion. The City also appealed from this order. This court dismissed the appeal because the trial court lacked jurisdiction to rule on the City's motion after the City filed its notice of appeal from the judgment on the arbitration award. After this dismissal, the trial court again denied the City's motion and the City appealed from this order.
 {¶ 5} The City's appeals were "settled and dismissed with prejudice at [the City's] costs" on February 8, 2006. On April 7, 2006, the Hawkinses filed a satisfaction of judgment in the underlying case.
 {¶ 6} The Hawkinses moved the court for an award of prejudgment interest pursuant to R.C. 1343.03. On June 14, 2006, the court denied this motion, finding that it was not timely filed.
 {¶ 7} On May 5, 2006, the Hawkinses also moved the court to remove a lien which the City had placed on their property for the cost of razing the house. The Hawkinses asserted that the City should have raised this claim as a compulsory counterclaim in the underlying action, and the City's failure to do so constituted res judicata, precluding the City from pursuing this claim in the form of a lien. The court granted this motion, holding that the validity of the lien was left open by the parties' *Page 3 
settlement. "In light of the arbitration panel's findings and in conjunction with defendant's apparent failure to strictly comply with the Ohio Revised Code with respect to accord and satisfaction as required, the motion to remove the lien is hereby granted."
 {¶ 8} The City argues that the court erred by ordering the removal of its lien from the Hawkinses' property. We agree. Having entered final judgment in this case, the trial court had no jurisdiction to entertain the Hawkinses' motion to remove the City's lien.[1] Therefore, we vacate the court's order to the extent that it granted the motion to remove the lien. We express no opinion as to whether the Hawkinses could successfully seek to remove the lien in a separate action.
 {¶ 9} In their cross-appeal, the Hawkinses complain that the court erred by denying their motion for prejudgment interest. They contend that they had fourteen days following the trial court's denial of the City's motion to vacate the arbitration award to file their motion for prejudgment interest, and hence, their motion filed seven days before the ruling on the motion to vacate, was timely. *Page 4 
 {¶ 10} We agree that a motion for prejudgment interest must be filed within fourteen days after the entry of judgment. Cotterman v. ClevelandElec. Illum. Co. (1987), 34 Ohio St.3d 48. In this case, judgment was entered in the Hawkinses' favor on June 17, 2005. The Hawkinses' motion filed September 14, 2005 was not timely. Therefore, we overrule the Hawkinses' cross-assignment of error.
Vacated in part; affirmed in part.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] The Hawkinses' motion cannot be seen as a post-judgment motion to enforce the judgment in their favor. The lien was obtained before the judgment was entered in this case; the city did not "violate" or contradict the judgment by filing the lien. In any event, the city's power to recoup the cost of razing the buildings through a lien against the property is distinct from the question whether the city razed the buildings in bad faith.
In our view, the motion to remove the City's lien effectively sought to amend the complaint after judgment to raise a new claim. The only way the Hawkinses could do so was to vacate the judgment pursuant to Civ.R. 60(B) and reopen the case. *Page 1